UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: DELPHI CORPORATION
SECURITIES, DERIVATIVE &                    MDL No. 1725
"ERISA" LITIGATION,                          E.D. Mich. No. 05-1725
_____/                  Hon. Gerald E. Rosen

ORDER DENYING PLAINTIFF BERNSTEIN'S MOTION FOR
RECONSIDERATION OF ORDER VACATING PRIOR ORDER
OF THE FLORIDA COURT APPOINTING LEAD PLAINTIFF

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      January 18, 2007

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

On October 17, 2006, this Court entered an Opinion and Order vacating the pre-MDL Order entered by the District Court for the Southern District of Florida appointing Sidney Bernstein as Lead Plaintiff and his choice of the law firms of Stull, Stull & Brody and Goldhammer & Graifman as Co-Lead Counsel finding that Plaintiff Bernstein did not sufficiently meet the requirements of the PSLRA to serve as Lead Plaintiff in this Multi-District securities fraud class action.  This matter is now before the Court on Plaintiff Bernstein's Motion for Reconsideration of the Court' October 17 Order.

Bernstein contends that the Court should reconsider and reverse its earlier decision because he claims that the Court erred when it applied the standards for appointing lead plaintiffs established under the PSLRA.  According to Bernstein, there was no motion to

1

appoint lead plaintiff before the Court; only the Defendants' pre-MDL motion to vacate the Florida lead-plaintiff order was on the docket.  Because that motion to vacate was filed in the Florida court after the expiration of the 10-day deadline for seeking reconsideration, Bernstein argues that the Court was required to ignore the standards that would have been applicable to the underlying lead-plaintiff order and apply only Fed. R. Civ. P. 60(b)(3) relief from judgment standards and make a decision based only on whether clear and convincing evidence demonstrated that the Florida order was the result of fraud, misrepresentation, or other misconduct on his part.

The grounds for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Court Rule 7.1(h)(3):

> **(h)  Motions to Alter or Amend a Judgment or for Rehearing or Reconsideration.**
>
> (3)  **Grounds**.  Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, *either expressly or by reasonable implication*, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Plaintiff Bernstein has not met these standards.

First, with respect to Bernstein's contention that the PSLRA's "most adequate plaintiff" standards should have no application, it is not surprising that Plaintiff has offered no legal support for his argument because there is none.  Indeed, Bernstein's entire premise that the Court was required to entertain only the Rule 60(b)(3) arguments

made by Defendants in their pre-MDL transfer Motion to Vacate is flawed.  In fact, no motion was even necessary for the Court to re-evaluate the lead-plaintiff rulings of the transferor courts.  As this Court explained in the October 17 Opinion and Order, it is well-established in multi-district litigation that "[t]he transferee judge may vacate or modify *any* order of a transferor court."  *See* Manual for Complex Litigation, Fourth, § 20.132, pp 221-222 (2004) (emphasis added).  *See also In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d 114, 117 (6th Cir. 1981).

Furthermore, to ignore the PSLRA standards as Plaintiff Bernstein suggests would contravene both the letter and the spirit of the Private Securities Litigation Reform Act and the clear intent of Congress to curtail lawyer-driven securities class actions.  By contrast, this Court's ruling that Bernstein is not the "most adequate plaintiff"based on the "largest financial interest" analysis is wholly consistent with the statute and its underlying policies.

There is further no merit with regard to Bernstein's claims that the Court was misled as to the factual and procedural history concerning the motions for appointment of lead counsel filed by the various plaintiffs in the various district courts and the subsequent withdrawal of some of the motions.  Contrary to Bernstein's assertions, the Court did not rely upon the allegations of the New York Lead Plaintiffs with regard to these matters, but rather, independently examined the records and all of the pleadings filed in the various courts prior to their transfer to this Court.

With regard to Bernstein's arguments concerning the factual and procedural

3

posture of the underlying actions, the "distinct" nature of the Delphi Trust I Certificates, and the Court's determination that the unpublished district court decision in *In re UnumProvident*, E.D. Tenn. No. 03-1552 (11/6/03 unpublished order) is inapplicable, Bernstein has merely presented the same issues already ruled upon by the Court, either expressly or by reasonable implication.  Hence, these arguments do not warrant reconsideration.

In sum, the Court finds that Plaintiff Bernstein has failed demonstrate a palpable defect by which the Court and the parties have been misled or that a different disposition of the case must result from a correction thereof.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff Bernstein's Motion for Reconsideration of the Court's October 17, 2006 Opinion and Order is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  January 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4