UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: DELPHI CORPORATION
SECURITIES, DERIVATIVE &
"ERISA" LITIGATION

MDL No. 1725
Master Case No. 05-md-1725
Hon. Gerald E. Rosen

This Document Relates to: In re
Delphi Corp. Sec. Litig.,
No. 06-10026, and Case Nos.
06-10025, 06-10027, 06-10028,
06-10029, 06-10030, 06-10031,
and 06-10032.

_____/

OPINION AND ORDER DENYING CLAIMANT'S REQUEST
FOR COURT REVIEW OF REJECTION CLAIM

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 4, 2008

PRESENT: Honorable Gerald E. Rosen
United States District Judge

I. INTRODUCTION

This Request for Court Review of Rejection of Claim is presently before the Court on Claimant Michael E. Plunkett, Sr.'s *pro se* request and the responses of the Lead Plaintiffs[1] and the Delphi Defendants.[2] Having reviewed the parties' respective briefs and

---

[1] "Lead Plaintiffs" include the Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP.

[2] The Delphi Defendants include Delphi Corporation, Delphi Trust I, Delphi Trust II, Robert H. Brust, Virgis W. Colbert, David N. Farr, Bernd Gottschalk, Shoichiro Irimajiri, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie,

1

supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to the Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

On January 10, 2008, the Court entered an Order (the "January Order") approving a class action settlement (the "Delphi Settlement") in this multi-district securities fraud action.[3] The Delphi Settlement established a fund created "for the benefit of all persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II, during the period between March 7, 2000, and March 3, 2005, inclusive ("Class Period"), and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement."[4] In the January Order, the Court also approved, without objection, the Plan of Allocation and Notice for distribution of the settlement proceeds.[5]

On January 15, 2008, the court-appointed Claims Administrator, the Garden City

---

Roger S. Penske, Donald S. Runkle, John D. Sheehan, and Patricia C. Sueltz

[3] 1/10/08, Dkt # 313, Opinion and Order of Final Approval.

[4] See Lead Plaintiffs' Response, p. 2.

[5] 11/06/07, Dkt # 277-13, Appendix F, Notice of Proposed Settlement with Certain Defendants

Group, Inc. ("GCG"), received a Delphi Settlement Proof of Claim form from Claimant Michael Plunkett, Sr. [*See* Affidavit of Stephen J. Cirami, Vice-President of East Coast Operations of GCG, ¶ 2]. In this Proof of Claim form, Mr. Plunkett stated that he acquired 2,952 shares of Delphi common stock on August 17, 2004, i.e., within the Class Period, and that the market price of Delphi common stock on that date was $9.17 per share. [Cirami Aff., Ex. A.] As stated in his Proof of Claim, these shares had been transferred to Mr. Plunkett from Florence M. Plunkett. *Id.*

Following the normal claims processing procedure, and in accordance with the provisions of the court-approved Plan of Allocation, GCG found Plunkett's Proof of Claim deficient. Specifically, GCG found that Mr. Plunkett failed to properly document both (1) the nature of his acquisition of the stock and (2) information concerning the original purchase of the stock, i.e., whether that purchase occurred during the Class Period, and if so, at what price. [*See* Cirami Aff., ¶ 4]. Therefore, on July 16, 2008, GCG sent Mr. Plunkett a Notice of Rejection of his claim. *Id.* at ¶ 5.

Thereafter, on July 21, 2008, Plunkett telephoned GCG inquiring about the rejection of his claim. *Id.* at ¶ 6. The claim representative advised Plunkett that his claim was rejected because he had not provided support to show how he acquired the stock. *Id.* Plunkett then advised the representative that he had inherited those shares and that the original purchaser had acquired the shares before the Class Period. *Id.* The representative then advised Mr. Plunkett that, pursuant to the provisions in the Plan of Allocation, an inheritance was not eligible for a recovery unless the devisor had acquired the shares during the Class Period.

3

*Id.*

Thereafter, Plunkett sent GCG a letter requesting judicial review of the decision to reject his claim and, contemporaneously, filed with the Court the instant Request for Review of the denial of his claim. In his Declaration submitted in support of his Request for Review, Mr. Plunkett states that he had inherited the Delphi common stock at issue and further states that the person from whom he inherited the stock, Florence Plunkett, had acquired the common stock in "the divesture." [*See* Plunkett Declaration, ¶ 7.] The "divesture" Plunkett refers to is General Motors' divestiture of Delphi. *Id.* ¶ 4. This occurred in May 1999. [*See* Consolidated Class Action Complaint, ¶¶ 92.].

### III. DISCUSSION

Pursuant to the January 2008 Order, the Court approved the Delphi Settlement and the Plan of Allocation as fair and reasonable. Additionally, pursuant to the terms of the Delphi Settlement Stipulation, the January Order is final and is no longer subject to appeal.[6] Accordingly, the Court will apply the plain language of the Plan of Allocation in deciding Claimant's request for court review of the Claim Administrator's rejection of his claim.

Under the terms of the Plan of Allocation (which was provided in the Notice sent to Delphi shareholders or record):

> The receipt or grant by gift, devise or operation of law of Delphi Securities during the Class Period shall not be deemed a purchase, acquisition or sale of these Delphi Securities for the calculation of an Authorized Claimant's recognized Claim nor shall it be deemed an assignment of any claim relating

---

[6] 9/5/07, Dkt # 230, Stipulation and Agreement of Settlement with Certain Defendants.

to the purchase/acquisition of such Delphi Securities unless specifically provided in the instrument of gift or assignment.[7]

Thus, if the shares Mr. Plunkett inherited had been purchased by Florence Plunkett during the Class Period, he might have been entitled to a portion of the settlement. Although Plunkett did not provide CGC with documentation sufficient to support the nature of his or Florence Plunkett's acquisition of these shares, statements in the Declaration he later sent to CGC and contemporaneously filed with the Court establish that Plunkett inherited Delphi common stock during the class period from Florence Plunkett but that Florence Plunkett originally acquired the shares in connection with General Motors divestiture of Delphi, which occurred in May 1999 -- i.e., well *before* the beginning of the Class Period on March 2000. Therefore under the terms of the Delphi Settlement and the approved Plan of Allocation, CGC acted appropriately in denying Plunkett's Proof of Claim.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that the Claimant's Request for Review of Rejection of Claim **[Dkt. # 421]** is DENIED.[8]

IT IS FURTHER ORDERED that Claimant's Request for Sanctions Against

---

[7] 11/06/07, Dkt # 277-13, Appendix F, Notice of Proposed Settlement with Certain Defendants.

[8] Claimant's Alternative Request for a ruling that the release he executed when he submitted his claim is also DENIED.

Plaintiffs is DENIED.

                                              s/Gerald E. Rosen
                                              United States District Judge

Dated: December 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 4, 2008, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager