UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: DELPHI CORPORATION
SECURITIES LITIGATION,

_____/

MDL No. 1725
Master Case No. 05-md-1725
Hon. Gerald E. Rosen

This Opinion and Order
Relates to 06-10026

## ORDER REGARDING COURT'S REVIEW OF DISPUTED CLAIMS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____July 9, 2010_____

PRESENT:  Honorable Gerald E. Rosen
          United States District Chief Judge

This matter is presently before the Court on the requests for judicial review submitted by 24 claimants whose claims were rejected, in whole or in part, by The Garden City Group ("GCG"), the Claims Administrator for the securities litigation settlement.[1] All claimants whose claims were rejected by the Claims Administrator were sent a "Notice of Rejection of Your Entire Claim" or "Notice of Rejection of Part of Your Claim" in which they were informed of the specific deficiencies in their Proofs of Claim and/or advised that, if they did not agree with GCG's administrative

---

[1] 35,622 claims, including three partially acceptable Disputed Claims (discussed *infra*) were determined to be acceptable in whole, or in part, and 35,778 claims (including 21 wholly rejected claims) were determined to be ineligible to participate in the distribution from the Net Settlement Funds.

1

determination, they could request judicial review of their Proofs of Claim.

In connection with administering the settlements, GCG received letters from 458 claimants ("Disputed Claimants") contesting GCG's rejection of their Proofs of Claim. However, a large majority of those Disputed Claimants subsequently provided GCG adequate documentation and/or information to cure the deficiencies in their Proofs of Claim. *See* Affidavit of Stephen J. Cirami, Vice-President of Operations of GCG, ¶ 45. In addition, subsequent to the receipt of the requests for review, GCG attempted to contact each Disputed Claimant either by telephone and/or by letter to further explain the basis of GCG's administrative determination. *Id.* As a result, 434 Disputed Claimants affirmatively withdrew their requests for review, or their requests became moot because they had cured their claims' deficiencies. *Id.* The remaining 24 Disputed Claims -- 21 wholly rejected claims and three partially rejected claims -- are now before the Court for review.

GCG has provided the Court with each Disputed Proof of Claim and all of the documentation submitted by the respective claimants. The Court has now had the opportunity to review the 24 Disputed Claims, including the claims of the two Disputed Claimants -- Michael E. Plunkett, Sr. and Pamela Geller -- who filed direct requests for review with the Court, and hereby affirms the Claims Administrator's determination with respect to each of those Disputed Claims.

First, of the 24 Disputed Claims, 12 claims were submitted by persons or entities

who are not Class Members.  The definition of the Class is "all persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II ("Delphi Securities") during the period between March 9, 2000 and March 3, 2005, inclusive."  Five of these 12 Disputed Claimants -- Alice Lai Moy/Linda/Marlinda Ng, Gert W. Freund, Michael E. Plunkett, Sr.,[2] Jane A. Rearick, and the Charles Dean Lewis Estate -- acknowledge that their Delphi Securities were not purchased during the Class Period.  They simply argue that their claims should nonetheless be allowed.  Another six Disputed Claimants -- Sarah B. Rau, Jean Hayes, Garry D. Keefer, Patrick J. Scanlon, David L. Berg, and Patrick S. Fallon -- did not purchase "Delphi Securities" as defined above, but rather purchased units of the "Delphi Corporation Savings-Stock Purchase Program."  One Disputed Claimant, Hans Wahler, provided only documentation of purchases of General Motors

---

[2] Mr. Plunkett not only submitted to GCG a request that the Court review the rejection of his claim, he also contemporaneously filed with the Court a Request for Court Review of Rejection of his Claim on August 7, 2008 [Dkt. # 421.]  The Court denied Plunkett's request in an Opinion and Order dated December 4, 2008, explaining his acquisition of the stock by way of an inheritance Florence Plunkett was not a purchase or acquisition within the Class Period because "Florence Plunkett originally acquired the shares in connection with General Motors divestiture of Delphi, which occurred in May 1999 -- i.e., well *before* the beginning of the Class Period in March 2000."  *See* Dkt. #432.  Plunkett now has filed with the Court a "Motion for Reconsideration of the Court's Opinion and Order Denying his Request for Court Review of Rejection of his Claim." This motion is not timely.  *See* E.D. Mich. L.R. 7.1(g)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.")  Furthermore, even if the motion were timely, the Court would deny it on the merits as Mr. Plunkett has merely presented the same issues already ruled upon by the court, either expressly or by reasonable implication, and he has not shown a palpable defect by which the court and the parties have been misled.  L.R. 7.1(g)(3).

shares, not any eligible Delphi Securities.

These 12 claimants, not having demonstrated that they are members of the class entitled to share in the proceeds of the Delphi securities fraud settlement, their claims were properly rejected by the Claims Administrator.

Six other Disputed Claimants did not provide sufficient information and/or documentation for GCG to calculate their Proofs of Claim (classified by GCG as "Incomplete Claims." *See* Cirami Aff., Ex. B). None of these six claimants contest the nature of the information and documentation they submitted. Specifically, three of these claimants -- Paul Behrendsen, William J. Hendrick, and Jonathan I. Rabinowitz -- neither supplied *any* transactional information, nor *any* supporting documentation with their Proofs of Claim. The remaining three Incomplete Claims -- the claims submitted by 149170 Canada, Inc., Kristine E. Little, and Pamela Geller[3] provided information/ documentation showing only that shares were transferred into or out of the claimants'

---

[3] Ms. Geller's claim was only partially rejected. Her claim was rejected with respect to three transactions but was accepted with respect to two transactions that were fully documented. Ms. Geller is one of the Disputed Claimants who submitted a direct request to the Court to review her rejected Proof of Claim. Mr. Cirami submitted to the Court a Reply Affidavit detailing for the Court, with particularity, the bases of GCG's partial rejection of Ms. Geller's claim. With respect to the rejected portion of Ms. Geller's claim, the documentation submitted shows only as to each of the rejected transactions a "deposit" into her account of Delphi stock, the date of the "deposit," and a "value" for the shares deposited. The documentation does not set forth for any of those transactions the date that the shares were acquired (as opposed to "deposited") and the cost of the shares (as opposed to an undefined "value"). By contrast, the information submitted with respect to the two acceptable transactions shows both a deposit date *and* an acquisition date (from which the cost per share was readily ascertainable).

respective account(s) during the Class Period. However, it is not ascertainable from this transfer information when the original purchases of stock were made. Therefore, it was appropriate for GCG to reject such Incomplete Claims.

GCG rejected three other Disputed Claims -- the claims submitted by Berl Friedman, Henry Wayne Lambert, and Joseph Santini -- because they did not calculate to a Recognized Claim under the Court-approved Plan of Allocation.[4] None of these three Disputed Claimants contests the number of shares of Delphi stock purchased and sold, or the dates of their transactions. Their claims, however, calculate to "zero" under the Plan of Allocation. Mr. Friedman purchased and sold all shares between March 7, 2000 and July 16, 2002. The Plan of Allocation provided that "[f]or shares of Delphi common stock purchased between March 7, 2000 and July 16, 2002, inclusive, and . . . [s]old on or before the close of trading on July 16, 2002, an Authorized Claimant's Recognized Claim is zero." *See* Dkt. 230-4, p. 11. Messrs. Santini and Lambert purchased shares between June 13, 2003 and March 2, 2005. The Plan of Allocation provided that "[f]or shares of Delphi common stock purchased between June 13, 2003 and March 3, 2005, inclusive, and. . . [s]old on or before the close of trading on March 3, 2005, an Authorized Claimant's Recognized Claim is zero." *Id.* Each of these Disputed Claimants were notified in the Notices of Rejection of their claims, "Your 'Recognized Loss' is not intended to equal your actual 'market loss' (the amount of money you actually lost) and it

---

[4] As set forth in the Plan of Allocation, depending on the date on which Delphi stock was purchased and sold, a claimant's Recognized Claim could amount to "zero."

is possible that you lost money but still have no 'Recognized Loss' [under the Plan of Allocation that was contained in the Notice that was mailed to you along with your Claim Form]." Therefore, the Claims Administrator properly advised Messrs. Friedman, Lambert and Santini that their claims did not result in a "Recognized Loss."

One Disputed Claim -- the claim submitted by Walter and Betty Sowa -- was partially rejected because it did not include adequate documentation to support the shares of Delphi stock claimed. The Sowas were advised in the Notice of partial rejection that to "fix" their claim, they needed to "attach appropriate supporting documentation, such as periodic brokerage statements or broker's trade confirmations (handwritten or self-generated information is not acceptable) showing the transactions [in question]." As explained by Mr. Cirami, "[t]his documentation is necessary to guard against mistakes and fraudulent Proofs of Claim, and the details are needed to accurately calculate Recognized Claims." [Cirami Aff., ¶ 47.]

The documentation provided by the Sowas, however, was not provided on broker letterhead (indeed, it appears to the Court to have been self-generated), and with respect to four transactions, did not include the name of the claimant, the account number, or the date the shares were purchased. Therefore, the Claims Administrator properly rejected the Sowa claim as to the transactions with missing information/documentation.

The claim submitted by Thomas Hilt was partially rejected due to multiple deficiencies. In part, Mr. Hilt's claim established only transfers into his account during

6

the Class Period as to some of the transactions and some other transactions were not supported with adequate documentation. The final Disputed Claim, submitted Ethel C. Bierut, was rejected because it was "out of balance," meaning the number of shares in the beginning position plus the total shares purchased/acquired during the Class Period did not equal the total number of shares sold by the claimant during the Class Period when added to the number of shares held at the end of the Class Period. Ms. Bierut also did not provide adequate documentation to support one specific transaction.

After having been provided an opportunity to cure these deficiencies, when no appropriate correction/documentation was provided, GCG rejected Mr. Hilt's claim, in part, and rejected Ms. Bierut's claim, in toto. The Court finds insufficient basis to overrule the Claims Administrator's decisions.

## CONCLUSION

Having reviewed the 24 Disputed Claims and the information and documentation provided therewith, the Court concludes that there is no basis for overruling the Claims Administrator's decisions. The Court is satisfied that the Disputed Claimants were provided adequate notice of the deficiencies of their claims and provided more than ample opportunity to cure those deficiencies that were curable. Some claims, of course, simply could not be cured as they were not based upon purchases of Delphi Securities or were based upon purchases of Delphi stock outside the Class Period. Other claims, while valid, did not amount to a Recognized Loss under the agreed upon and Court-approved

Plan of Allocation. But the Claims Administrator's rejection of these claims was in no way incorrect or improper.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Claims Administrator's rejection of the 24 Disputed Claims is AFFIRMED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: July 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2010, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager